UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| ANTHONY D. WILSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES AIR FORCE,<br><br>Defendant. | ) | Civil Action No. 5:08cv324-JMH<br><br>**MEMORANDUM OPINION AND ORDER** |

** ** ** ** **

This matter is before the Court on Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment [Record No. 19]. Plaintiff responded to both the Motion to Dismiss [Record No. 21] and the alternative Motion for Summary Judgment [Record No. 24], and Defendant replied [Record No. 28]. This matter is now ripe for review. Also before the Court is Plaintiff's Motion to Compel Document Production for *In Camera* Review [Record No. 30]. This matter is also ripe for review.

## I. BACKGROUND

On March 24, 2004, Plaintiff, a former member of the Connecticut Air National Guard, requested, via an e-mail to the Directorate for Freedom of Information and Security Review, the following documents under the Freedom of Information Act ("FOIA"):

> The contents of a file or files (or any papers that rightfully ought to be included in such files) relating to the legal ethics complaints filed by requestee on or about February 25, 2003 (as well as related requests for legal ethics advisory opinions filed by requestee on or about November 15, 2002 and July 31, 2003) filed against/concerning Lt. Col. Robert R. Statchen, CTANG.

Record No. 19, Ex. A, Plaintiff's FOIA Request). On June 2, 2004, the Deputy Chief of the Administrative Law Division for the Office of the Judge Advocate General (the "Deputy Chief") answered Plaintiff's request, providing what was deemed releasable information, with redactions pursuant to FOIA exceptions 5 U.S.C. § 552(b)(5), (b)(6), and (b)(7)(C). [Record No. 19, Ex. B, June 2, 2004 Letter from Deputy Chief).

On July 23, 2004, Plaintiff appealed the withholding of certain records and the redactions made pursuant to FOIA exemptions (b)(5), (b)(6), and (b)(7)(C). [Record No. 19, Ex. C, Plaintiff's FOIA Appeal]. The Air Force Deputy General Counsel (the "Deputy General Counsel) denied Plaintiff's administrative appeal on March 8, 2007. [Record No. 19, Ex. D, Denial of Plaintiff's Appeal].

Plaintiff filed the instant case on July 28, 2008, alleging, *inter alia*, that Defendant violated the FOIA in failing to disclose certain documents and in redacting documents which were disclosed. During the course of this litigation, on February 20, 2009, Defendant provided Plaintiff with ninety-three additional pages of documents, consisting of documents that were previously withheld in their entirety and documents that were previously disclosed with redactions. Portions of some of the ninety-three pages, and the entirety of others, were withheld pursuant to FOIA exemptions (b)(2), (b)(5), (b)(6), and (b)(7)(C). Along with the ninety-three pages, Plaintiff received a letter from Captain Lance E. Freeman

detailing why certain information was not released, or was released in a redacted form. [Record No. 19, Ex. E, February 18, 2009 Letter from Capt. Freeman].

Defendant seeks summary judgment on Plaintiff's FOIA claims, asserting that it has conducted a proper search for records, released all segregable non-exempt records, and has properly withheld any non-exempt records pursuant to several FOIA exemptions. By his Motion to Compel, Plaintiff asks this Court for an Order compelling Defendant to produce unredacted copies of the pages stamped with Bates numbers 42, 57 and 64-72, so that the Court may conduct an *in camera* review to determine if the redacted material on these pages was properly withheld.

## II. STANDARD OF REVIEW

A grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When determining if summary judgment is proper, the Court's function is not to weigh the evidence, but to decide whether there are genuine factual issues for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows

"that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248; *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004). The evidence should be construed in the light most favorable to the nonmoving party when deciding whether there is enough evidence to overcome summary judgment. *Anderson*, 477 U.S. at 255; *Summers*, 368 F.3d at 885. While this Court must draw all inferences in a light most favorable to the plaintiff, summary judgment may be granted "if the record, taken as a whole, could not lead a rational trier of fact to find for [the plaintiff]." *McKinnie v. Roadway Express*, 341 F.3d 554, 557 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

In addition to the summary judgment standards outlined above, Defendant also bears the burden of proving the applicability of the exemptions supporting its redactions. *Norwood v. Fed. Aviation Adm'n,* 993 F.2d 570, 573 (6th Cir. 1993). The nine FOIA exemptions outlined at 5 U.S.C. § 552(b) are to be narrowly construed. *Id.* (citing *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)).

Defendant submitted a "Vaughn affidavit," so named for the case of *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), which is "a routine device through which the agency describes the documents responsive to a FOIA request and indicates the reasons for redactions or withholdings in sufficient detail to allow a court to make an independent assessment of the claims for exemptions from

disclosure under the [FOIA]." *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 544 (6th Cir. 2001). The *Vaughn* affidavit of United States Air Force Captain Lance E. Freeman ("Captain Freeman")is entitled to a presumption of good faith. *Id.* "Unless evidence contradicts the government's affidavits or established bad faith, the court's primary role is to review the adequacy of the affidavits and other evidence." *Id.* "If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the government's position." *Id.* (internal citations and quotations omitted).

## III. ANALYSIS

### A. Plaintiff's Motion to Compel Document Production for *In Camera* Review

Plaintiff seeks an Order compelling Defendant to produce to the Court for *in camera* review unredacted copies of the pages represented by Bates stamp numbers 42, 57, and 64-72, so that the Court may determine for itself if this information was properly withheld. The FOIA authorizes this Court to conduct an *in camera* review of documents withheld or redacted by Defendant, 5 U.S.C. § 552(a)(4)(B), however, *in camera* review is to be used sparingly, "when no other procedure allows review of the agency's response to a FOIA request." *Rugiero*, 257 F.3d at 544. When exercising its

discretion in determining if *in camera* review is warranted, a court should consider: "(1) judicial economy; (2) actual agency bad faith, either in the FOIA action or in the underlying activities that generated the records requested; (3) strong public interest; and (4) whether the parties request *in camera* review." *Id.* at 543. The Court determines that when applied to the instant case, the factors do not suggest that *in camera* review is appropriate, and will deny Plaintiff's Motion to Compel.

The *Vaughn* affidavit of Captain Freeman is entitled to a presumption of good faith, and Plaintiff has failed to demonstrate, or even allege, for that matter, that the factors outlined in *Rugiero* require *in camera* review of the Bates stamped pages detailed in Plaintiff's Motion to Compel. Judicial economy is not served by *in camera* review of the specified pages, as they are adequately described in Captain Freeman's affidavit and Plaintiff has failed to allege any bad faith on the part of Defendant. Furthermore, while Plaintiff may have a strong personal interest in documents concerning the ethics complaint which stemmed from disciplinary proceedings against him, there is no strong public interest to be served by *in camera* review. Accordingly, Plaintiff's Motion to Compel is denied.

**B. Defendant's Motion for Summary Judgment**

The fundamental purpose of the FOIA is to "open up agencies to public scrutiny." *Norwood,* 993 F.2d at 573. Recognizing, however,

that certain information is not appropriate for public disclosure, the FOIA exempts specific types of information from disclosure. 5 U.S.C. § 552(b). In the instant case, Plaintiff does not challenge the reasonableness of Defendant's search for records responsive to his request, or Defendant's decision to segregate and disclose non-exempt records. The applicability of the exemptions Defendant claimed is Plaintiff's sole concern. [Record No. 24 at 7, Plaintiff's Response]. Captain Freeman's affidavit [Record No. 19, Ex. F] outlines why Defendant redacted or withheld certain materials, providing a statutory exemption for each.

**1. 5 U.S.C. § 552(b)(2)**

FOIA exemption (b)(2) exempts from disclosure records that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Pursuant to (b)(2), Defendant redacted government e-mail addresses on the following Bates stamped pages which were provided to Plaintiff on February 20, 2009: 5, 7, 49, 50, 51, 52, 74, 75, 76, 77, 79, 80, 83, 84, 85, 86, 90, 91, and 92. Defendant asserts that government e-mail addresses were properly withheld pursuant to (b)(2) because they are primarily internal and intended for use only by those authorized to communicate via government e-mail systems. In his Motion to Compel Preparation of a Vaughn Index [Record No. 14], filed February 24, 2009, Plaintiff "waive[d] any such current request with regard to material merely withholding/redacting a name (or similar

identification) and/or with regard to mere contact information such as residential/work addresses, telephone numbers, or e-mail addresses." [Record No. 14 at 1-2]. The Court finds that, not only did Defendant properly withhold government e-mail addresses pursuant to (b)(2), but that Plaintiff waived any request for such information.

**2. 5 U.S.C. § 552 (b)(6)**

FOIA exemption (b)(6) exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(6). Pursuant to (b)(6), Defendant withheld or redacted personal information including signatures, personal phone numbers, personal e-mail addresses, and government e-mail addresses on the following Bates stamped pages provided to Plaintiff on February 20, 2009: 1, 2, 3, 4, 5, 6, 7, 9, 10, 12, 13, and 41-92. In his February 24, 2009, Motion to Compel, Plaintiff waived any request for redacted information which contained only the personal identifying information withheld pursuant to (b)(6). Even so, such information was properly redacted under (b)(6) to avoid an unwarranted invasion of personal privacy.

**3. 5 U.S.C. § 552 (b)(7)(C)**

FOIA exemption (b)(7)(C) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or

information (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(C). Pursuant to (b)(7)(C), Defendant withheld personal information, including names, signatures, personal phone numbers, personal e-mail addresses, and government e-mail addresses from the following Bates stamped pages provided to Plaintiff on February 20, 2009: 1, 2, 3, 4, 10, 13, and 41-92. As discussed, *supra*, Plaintiff waived any request for personal identifying information such as that withheld pursuant to (b)(7)(C).

**4. 5 U.S.C. § 552 (b)(5)**

FOIA exemption (b)(5) authorizes the withholding of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552 (b)(5). The purpose of (b)(5) is to protect the deliberative and decision-making processes of agencies, encouraging open and frank discussion within the agency. *See Dudman Comm. Corp. v. Dep't of Air Force*, 815 F.2d 1565 (D.C. Cir. 1987). In determining the applicability of (b)(5), a court must focus on "whether the disclosure of materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id.* at 1568. In order for a document to be protected under the predecisional or deliberative process privilege of (b)(5), it must be "generated

before the adoption of an agency policy" and must "reflect[] the give-and-take of the consultative process." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). The deliberative process privilege "covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id.* at 866.

Pursuant to exemption (b)(5), Defendant withheld portions or all of the information on the following pages released to Plaintiff on February 20, 2009: 7 -11, 13-22, 34-38, 40, 42, 44, 45, 46, 49, 57, 64-72, 75, 85, 89, and 91. Plaintiff makes clear in his Memorandum Opposing Defendant's Motion for Summary Judgment, however, that he only challenges Defendant's reliance upon exemption (b)(5) with respect to pages 42, 57, 64-70, and 71-72. [Record No. 24 at 2-3]. Finding that Defendant properly withheld information pursuant to exemption (b)(5), the Court will grant Defendant's Motion for Summary Judgment and will address each of the challenged pages in numerical order below.

Page 42 is an Air Force Form 1768, Staff Summary Sheet dated February 20, 2004 and entitled "Referral of Professional Responsibility Complaint 2003-08 . . ." The "Action" block on the Staff Summary Sheet was redacted because it contains the Office of the Reserve Advisor's recommendation to The Judge Advocate General ("TJAG") on the disposition of Plaintiff's ethics complaint.

Because the redacted information is merely a suggestion or recommendation - not the agency's final decision - it is properly redacted under (b)(5).

Pages 57 and 64-70 are from a fourteen page memorandum dated March 16, 2004, from TJAG's Advisory Committee on Ethics and Standards (the "Committee") to TJAG with a subject of "Recommended Disposition: Professional Responsibility Case of . . ." According to Captain Freeman's affidavit, the redacted text includes the Committeee's opinion, analysis, findings and recommendations to TJAG as to the disposition of Plaintiff's ethics complaint.[1] The Committee's memorandum was not a final agency decision, it was merely an investigative report to TJAG, who made the final decision to dismiss Plaintiff's complaint. This intra-agency memorandum is a product of the deliberative processes exemption (b)(5) was intended to protect. *See Coastal States Gas Corp.*, at 866. Disclosure of this information would discourage candid discussion by Committee members and undermine the agency's ability to perform its duties. *See Dudman Comm. Corp*., 815 F.2d at 1568.

Pages 71 and 72 are a two-page memorandum from Brigadier General John W. Clark, then the Air National Guard Assistant to the Judge Advocate General, to the Air Force Office of Professional

[1] Plaintiff has not shown any evidence of bad faith by Defendant. Accordingly, Plaintiff has not overcome the presumption that Captain Freeman's *Vaughn* affidavit is entitled to a presumption of good faith.

Responsibility regarding the disposition of Plaintiff's ethics complaint. Brigadier General Clark's memorandum is protected under exemption (b)(5) for the same reasons as the Committee's memorandum is protected. Brigadier General Clark's memorandum contains his preliminary opinion, analysis, and recommendations, all of which are protected by the deliberative process privilege, as they were not a final action by the agency and disclosure of such opinions and recommendations could have a chilling effect on the agency's discussions of such matters.

## IV. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

1) That Plaintiff's Motion to Compel [Record No. 30] shall be, and the same hereby is, **DENIED**; and

2) That Defendant's Motion for Summary Judgment [Record No. 19] shall be, and the same hereby is, **GRANTED.**

This the 9th day of December, 2009.




**Signed By:**

***Joseph M. Hood*** JMH

**Senior U.S. District Judge**