UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| ANTHONY D. WILSON,  )  )    Plaintiff,  )  )  v. )  )  UNITED STATES AIR FORCE,  )  )    Defendant.  )  ) | Civil Action No. 5:08-324-JMH  **MEMORANDUM OPINION AND ORDER** |

\*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment [Record No. 95], Plaintiff's Motion for Leave to Seal Exhibit to Motion to Amend or Alter Judgment [Record No. 96] and Defendant's Motion for Order [Record No. 98] requiring Plaintiff to serve a copy of the sealed exhibit upon Defendant. Although the time for the parties to file their respective responses to these motions has not yet passed, the Court has had an opportunity to review these motions and finds itself sufficiently advised. Accordingly, in the interests of judicial economy and convenience of the parties, the Court shall address the matters as follows.

Plaintiff timely filed his Motion to Alter or Amend this Court's January 28, 2011 Judgment [Record No. 94] pursuant to Federal Rule of Civil Procedure 59(e). A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) should be

granted only where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments which could, and should, have been made before judgment issued." *Id*. (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Plaintiff first offers what he considers to be "newly discovered evidence" in the form of an affidavit, drafted and signed by Plaintiff, in which Plaintiff purports to explain "Plaintiff's representation and advice to the two ex-clients in detail." (Record No. 95-1, p. 8). Plaintiff contends that the "newly discovered evidence" in the affidavit is necessary to demonstrate to this Court that it has erroneously and imprudently decided against Plaintiff in this matter.

"To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp, Inc.,* 178 F.3d at 834. The Court has reviewed and considered the contents of the affidavit attached as Exhibit A to the Plaintiff's Motion to Alter or Amend. The substantive information contained in the Plaintiff's affidavit has been in the power and control of the plaintiff throughout the

time this matter was pending before the AFBCMR and while the Motion for Summary Judgment was pending before this Court. While the physical affidavit may not have been in existence, and therefore "available" in tangible form until after this Court's decision, the information within the affidavit has been available to the Plaintiff throughout the lengthy history of this matter. Thus, the affidavit does not qualify as a new evidence as contemplated by Fed.R.Civ.P. 59(e), and the Court can grant no relief on that ground.[1]

Because the Court has not considered plaintiff's affidavit as new evidence, the Court denies Defendant's Motion that the Court Direct Plaintiff to Serve upon Defendant a Copy of Exhibit A from Plaintiff's Motion to Alter or Amend Judgment [Record No. 98]. Plaintiff's Motion for Leave to Seal Ex Parte Exhibit [Record No. 96] is granted.

Plaintiff next argues that the judgment and order should be amended to correct clear errors of law and to prevent manifest injustice.

First, he argues that this Court misinterpreted the AFBCMR's first decision, dated May 8, 2006, adopting the opinions and

---

[1] Further, this Court, contrary to Plaintiff's argument, did not make factual findings in its Opinion and Order [Record No. 93] regarding the quality of his representation of his clients. Thus, the information contained in the affidavit was no more relevant to this action prior to this Court's order than it is now.

recommendations of the Air National Guard offices of primary responsibility and portions of the AFBCMR's second decision, dated April 21, 2009. Plaintiff argues that the Court failed to rule on the legality of the challenged personnel evaluation, that this Court generally neglected to fulfill the duty, as perceived by Plaintiff, to intervene where Plaintiff has "alleged adverse action due to his invocation of the client confidentiality and attorney-client privilege." In support, Plaintiff reiterates his argument that this Court should find the Air Force policy allowing superior and subordinate officers to oppose one another in the courtroom improper.

Regarding his substantive due process argument, Plaintiff contends that he did not waive this claim because it was raised in his complaint, and because it was raised before the Air Force Board for Correction of Military Records. Plaintiff also argues, as he did in his motion for summary judgment, that *Berd v. Lovelace*, Cary 62, 21 Eng. Rep. 33 (Ch. 1577) should be recognized by this Court as binding legal authority and that this Court is required to find that Plaintiff had a constitutional right to assert client confidentiality in this circumstance.

Plaintiff also sets forth a number of arguments relating to the factual background summarized in the Memorandum Opinion and Order [Record No. 93] demonstrating that Plaintiff misconstrues the summary of the AFBCMR records for findings of fact made by this

4

Court. Throughout his motion, Plaintiff also attacks several instances in which, Plaintiff believes, this Court missed certain facts or legal authority raised by Plaintiff. These arguments will not be addressed at length herein because none of these arguments are sufficient to rise to the level of a Fed. R. Civ. P. 59(e) motion.

None of Plaintiffs' arguments demonstrate a "clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc.*, 178 F.3d at 834. Instead, they are simply a restatement of arguments that either were or could have been raised prior to this Court's memorandum opinion and judgment and, therefore, simply represent Plaintiffs attempt to re-argue his case. This Court declines to reconsider these issues, which were addressed at length in its earlier order and denies Plaintiff's motion. To the extent that Plaintiff disagrees with this Court's decision this matter is clearly ready for appeal.

Accordingly, for the reasons stated above, **IT IS ORDERED THAT:**

(1) the Plaintiff's Motion to Alter or Amend Judgment [Record No. 95] is **DENIED**;

(2) Plaintiff's Motion for Leave to Seal Ex Parte Exhibit [Record No. 96] is **GRANTED**; and

(3) Defendant's Motion that the Court Direct Plaintiff to Serve upon Defendant a Copy of Exhibit A from Plaintiff's Motion to

Alter or Amend Judgment [Record No. 98] is **DENIED**.

This the 14th day of March, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge